Isidor Wasservogel, Spec. Eef.
Plaintiff seeks to recover the sum of $5,300 which represents the balance of moneys allegedly due pursuant to a retainer agreement among defendants and plaintiff’s assignor, a New York City law firm.
The complaint sets forth five causes of action. The second cause of action based upon quantum meruit and the third and fourth causes of action against the corporate defendant to recover on account of two bad checks issued by said corporation to plaintiff’s assignor have been abandoned by plaintiff. The remaining first and fifth causes of action seek to recover the above-mentioned sum of $5,300 from defendants Lattiff, the corporate defendant, and Passoulis. Prior to the commencement of the trial before this court, the action was severed against the other named defendants, Doppler and Davis, who had not been served.
Although defendants’ answers admit the execution of the retainer agreement, they set forth various affirmative defenses, such as accord and satisfaction, compromise and settlement, and failure of performance by plaintiff’s assignor, in an attempt to avoid liability here. In the opinion of the court, the credible testimony and documentary evidence clearly show that all of these purported defenses are without merit.
*210 The record establishes that on or about May 11, 1956, defendants (other than Fassoulis) entered into a written retainer agreement whereby plaintiff’s assignor agreed to act as agent for a group that wished to publish a request to public stockholders for a tender by them of the outstanding common stock of Lea Fabrics, Inc. The agreement specifically provided that in payment for all legal, administrative and clerical services to be rendered by plaintiff’s assignor, the law firm would “ receive a fee of $7500 * * * whether or not the offer is revoked.” The proof shows that although defendant Fassoulis, for reasons best known to himself, did not sign the written retainer agreement, at the specific request of plaintiff’s assignor, he orally agreed that, in consideration of the law firm’s willingness to act as agent for his group, he would personally be responsible for the $7,500 fee and would pay it on demand.
The testimony of one Arnold C. Stream, an attorney and former partner of the law firm retained by defendants, establishes that plaintiff’s assignor commenced to render the services for which it had been retained by defendants, held meetings with bank officials and entered into negotiations with them in the course of preparing the offer for the tender of 55,000 shares of the outstanding common stock of Lea Fabrics, Inc. It appears, however, that when it became time for plaintiff’s assignor to release the prepared offer to the public stockholders, notwithstanding prior assurances by defendant Fassoulis that he had a letter of credit for $495,000 for use in acquiring the desired stock, none of the defendants was able to supply the requisite funds. Subsequently, therefore, plaintiff’s assignor was compelled to discontinue its efforts to acquire the stock of Lea Fabrics, Inc., in behalf of defendants, who then refused to make further payment. The instant action to recover the balance of the fees due pursuant to the retainer agreement was then instituted.
Contrary to defendants’ contention, plaintiff’s assignor performed all that it could perform under the terms of its retainer agreement with defendants. There is nothing in the record to warrant the conclusion that there was anything except defend-a/nts’ mobility to fincmce the stock acquisition attempt that caused the collapse of the negotiations instituted by plaintiff’s assignor. Nevertheless, under the clear and unambiguous provisions of their agreement with the law firm, plaintiff’s assignor must be deemed to be entitled to a fee of $7,500 regardless of the success or failure of the plan to acquire the stock of Lea Fabrics, Inc.
*211 The credible proof shows that apart from certain disbursements which were paid for by the corporate defendant, plaintiff’s assignor received payments aggregating only $2,200 on account of their fee agreement, in the following manner: (1) on May 16,1956, the law firm received a $500 check; (2) on May 21, 1956, the law firm received another $500 check; (3) on May 28, 1956, the corporate defendant delivered a check for $500 which was subsequently returned by the bank because of insufficient funds; (4) on June 5, 1956, the- corporate defendant delivered a check for $1,500 which was also returned by the bank because of insufficient funds; (5) on or about June 6,1956, Fassoulis delivered two certified checks, aggregating $1,200, one for $500 and one for $700. These checks partially made up for $2,000 of bad checks which the corporate defendant had previously issued.
Defendants contend that in addition to the above sum of $2,200, the law firm received an additional $1,200 in cash in May, 1956. They base this contention on a statement made in an affidavit of one Herman L. Weisman, a member of the law firm here involved. The uncontradicted testimony of Stream, however, proves that Weisman’s statement was an inadvertent error and that the law firm, in fact, never received any cash payments from defendants. The $1,200 referred to by Weisman concerned the two certified checks delivered to the law firm by defendant Fassoulis in part payment of the bad checks which had been issued by the corporate defendant. It is significant that none of the defendants testified that any cash payments were made to plaintiff’s assignor nor did they produce any receipt for a cash payment to support their claim.
During the trial, defendants made a motion to amend their answers by adding the additional defense that plaintiff could not proceed to trial inasmuch as service had not been effected against the individual defendants Doppler and Davis, who were signatories to the written retainer agreement. Plaintiff opposed this motion and decision thereon was reserved by the court. The motion to amend the answers is granted but the defense is hereby stricken as a matter of law. Section 1197 of the Civil Practice Act expressly authorizes a plaintiff, in an action based upon a joint obligation, to proceed against those defendants who have been served.
Upon the evidence before me, therefore, I hold that there is now due and owing plaintiff from defendants, pursuant to the terms of the written retainer agreement and the oral agreement made by Fassoulis, the sum of $5,300.
*212 Judgment is rendered, accordingly, in favor of plaintiff against defendants Lattiff, Fassoulis and Financial Consultants, Inc., for the sum of $5,300, with interest on the sum of $1,550 thereof from May 15, 1956, and on the remaining $3,750 from July 11, 1956, the due date thereof. Defendants may have a 20-day stay of execution.